UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell Antonio Barnes,<br><br>PLAINTIFF<br><br>v.<br><br>Larry Deason, Lancaster County Detention Center,<br><br>DEFENDANTS | Case No. 2:24-cv-00435-JFA<br><br><br>**ORDER** |

## I.  INTRODUCTION

Darrell Antonio Barnes, ("Barnes"), an inmate proceeding *pro se* and in *forma pauperis*, filed this civil action against the above-named defendants seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 1). The complaint was referred, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), to United States Magistrate Judge Mary Gordon Baker.

On January 29, 2024, Barnes filed a complaint in federal court along with a motion to proceed *in forma pauperis*. Thereafter, the Magistrate Judge issued two proper form orders, the first on April 22, 2024 and a second on June 11, 2024. On July 2, 2024, the Magistrate Judge granted Barnes's request to proceed *in forma pauperis*. The same day, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's allegations against the Lancaster County Detention Center ("LCDC") be summarily dismissed. (ECF No. 17). Plaintiff was directed to file his response to the Report by July 16, 2024.

The matter now comes before this Court for review of the Report filed by the

Magistrate Judge. (ECF No. 17). The Report recommends that Plaintiff's claims against LCDC be dismissed without leave to amend based on Plaintiff's failure to bring his complaint into proper form. (ECF No. 17 at 4). Plaintiff has not objected to the Report and the deadline to file his response has passed. Thus, this matter is ripe for review.

**II.   STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation

to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

The Report prepared by the Magistrate Judge recommends that Plaintiff's claims against LCDC be summarily dismissed for failure to state a proper claim for relief under § 1983. (ECF No. 17 at 4). When the Report was issued, Plaintiff was counseled to file an objection to the Report or risk having his case dismissed. *Id*. At 5. Plaintiff was advised that had until July 16, 2024 to submit a response. *Id*. To date, Plaintiff has submitted no response. As Plaintiff has failed to object to the Report the Court is not required to give an explanation for adopting the recommendation. A review of the Report and other related filings indicates that the Magistrate Judge correctly concluded that Plaintiff's claims against LCDC should be dismissed.

## IV.  CONCLUSION

The Court has carefully reviewed the Report, Plaintiff's Complaint, and other relevant filings. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons stated by the Magistrate Judge, the Report, ECF No. 17, is **ACCEPTED**. Barnes claims against Lexington County Detention Center are **DISMISSED** without leave to amend.

**IT IS SO ORDERED.**

August 15, 2024                                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                                  United States District Judge