IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Darrell Antonio Barnes,<br><br>        Plaintiff,<br><br>v.<br><br>Larry Deason,<br><br>        Defendant. | C/A No.: 2:24-cv-435-JFA<br><br><br>**ORDER** |

      Darrell Antonio Barnes (Plaintiff), proceeding *pro se*, filed this action on January 29, 2024, pursuant to 42 U.S.C. §1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

      On December 11, 2024, Defendant filed a motion for summary judgment. (ECF No. 29). Subsequently, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to respond to the motion adequately. (ECF No. 30).

      On January 17, 2025, the Magistrate Judge issued an order, noting that the SCDC Inmate Search website showed Plaintiff had moved institutions on July 2, 2024. (ECF No. 32). Although Plaintiff failed to file a notice of address change, the Magistrate Judge, out of an abundance of caution, instructed the Clerk of Court to send a copy of Defendant's summary judgment motion and the *Roseboro* Order to Plaintiff's new address. *Id.* Additionally, the Magistrate Judge extended Plaintiff's time to respond to

Defendant's summary judgment motion to February 17, 2025. *Id.* The Magistrate Judge further advised Plaintiff that if he failed to respond, this action could be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Id.* Notwithstanding, Plaintiff failed to respond to Defendant's summary judgment motion.

On February 24, 2025, the Magistrate Judge issued a thorough Report and Recommendation (Report), recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with a court order. (ECF No. 36). The Report further advised Plaintiff of his right to file objections to the Report and the consequences for failing to do so. *Id.* at 3. Plaintiff failed to file objections and the time to do so has expired. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections, and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that Plaintiff's Complaint is subject to dismissal pursuant to Rule 41.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately

summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 36). Consequently, this action is dismissed with prejudice.

IT IS SO ORDERED.

May 19, 2025
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge